FILED
CLERK

UNITED STATES DISTRICT COURT 10 JUN 10  PM 12: 35
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Adam Drexler,

            Plaintiff,         :     No:

      -against-            :

Sharinn & Lipshie, PC, Adam Drake,    **10  2645**
Harvey Sharinn, Amanda Moreno,
Jacques Nazaire, and           :
First Resolution Investment Corp.,

                     :    JURY DEMANDED
          Defendants.    :   **BLOCK, J.**
-------------------------------------------------------X   **CARTER, M.J.**

## Complaint

### Introduction

1.    Plaintiff is a consumer who has been subjected to Defendants'
violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et*
*seq*., New York General Business Law (GBL) § 349, and common law. The FDCPA
prohibits debt collectors from engaging in abusive, deceptive, unfair, and illegal
collection practices.   New York GBL § 349 prohibits deceptive acts and practices in
any business conducted in New York State.

2.    Defendants violated the FDCPA, GBL § 349, and common law by (1)
filing law suits against Plaintiff to collect debts that were beyond the statute of
limitations; (2) filing lawsuits against Plaintiff to collect debts while previous law
suits to collect those same debts were still pending in the same court; (3) filing law
suits and engaging in collection activities against Plaintiff without conducting a

1

meaningful attorney review; (4) repeatedly refusing to discontinue those suits after Defendants had been put on notice of the previously filed and pending lawsuits; and (5) using the illegally filed lawsuits to leverage a settlement of the debt in return for discontinuing the lawsuits.

### *Jurisdiction and Venue*

3.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4.      Venue is proper in this district under 28 U.S.C. § 1391(b), because the acts and transactions that give rise to this action occurred, in substantial part, in this district and because Defendants have offices and transact business in this district.

### *Parties*

5.      Plaintiff Adam Drexler (Plaintiff or Drexler) is a citizen of New York State who resides within this District.

6.      Drexler is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

7.      Defendant Sharinn & Lipshie, PC (S&L) is a law firm engaged in the business of collecting debts in New York State.

8.      S&L's principal place of business is located at 333 East Ovington Boulevard, Suite 302, Uniondale, NY 11553.

2

9.     Upon information and belief, S&L's principal purpose is the collection of debts using the mails, telephone and litigation.

10.     Upon information and belief, S&L regularly attempts to collect debts alleged to be due another using the mails, telephone and litigation.

11.     Defendant S&L is a "debt collector," as defined by FDCPA § 1692a(6).

12.     Defendant Adam Drake (Drake) is an employee of Sharinn & Lipshie, PC, engaged in the business of collecting debts in New York State.

13.     Drake's principal place of business is located at Sharinn &Lipshie, PC, 333 East Ovington Boulevard, Suite 302, Uniondale, NY 11553.

14.     Upon information and belief, Drake's principal purpose is the collection of debts using the mails, telephone and litigation.

15.     Upon information and belief, Drake regularly attempts to collect debts alleged to be due another using the mails, telephone and litigation.

16.     Defendant Drake is a "debt collector," as defined by FDCPA § 1692a(6).

17.     Defendant Harvey Sharinn (Sharinn) is an attorney engaged in the business of collecting debts in New York State and is a general partner of Sharinn & Lipshie, PC.

18.     Sharinn's principal place of business is located at Sharinn &Lipshie, PC, 333 East Ovington Boulevard, Suite 302, Uniondale, NY 11553.

19.     Upon information and belief, Sharinn's principal purpose is the collection of debts using the mails, telephone and litigation.

3

20.    Upon information and belief, Sharinn regularly attempts to collect debts alleged to be due another using the mails, telephone and litigation.

21.    Defendant Sharinn is a "debt collector," as defined by FDCPA § 1692a(6).

22.    Defendant Amanda Moreno (Moreno) is an attorney engaged in the business of collecting debts in New York State.

23.    Moreno's principal place of business is located at Sharinn &Lipshie, PC, 333 East Ovington Boulevard, Suite 302, Uniondale, NY 11553.

24.    Upon information and belief, Moreno's principal purpose is the collection of debts using the mails, telephone and litigation.

25.    Upon information and belief, Moreno regularly attempts to collect debts alleged to be due another using the mails, telephone and litigation.

26.    Defendant Moreno is a "debt collector," as defined by FDCPA § 1692a(6).

27.    Defendant Jacques Nazaire (Nazaire) is an attorney engaged in the business of collecting debts in New York State.

28.    Nazaire's principal place of business is located at Sharinn &Lipshie, PC, 333 East Ovington Boulevard, Suite 302, Uniondale, NY 11553.

29.    Upon information and belief, Nazaire's principal purpose is the collection of debts using the mails and telephone

30.    Upon information and belief, Nazaire regularly attempts to collect debts alleged to be due another using the mails and telephone.

4

31. Defendant Nazaire is a "debt collector," as defined by FDCPA § 1692a(6).

32. Defendant First Resolution Investment Corp. (FRIC) is a company engaged in the business of collecting debts in New York State.

33. FRIC's principal place of business is located at 851 Coho Way, Suite 312, Bellingham, WA 98225.

34. Upon information and belief, FRIC's principal purpose is the collection of debts using the mails, telephone, and litigation.

35. Upon information and belief, FRIC regularly attempts to collect debts alleged to be due another using the mails, telephone, and litigation.

36. Defendant FRIC is a "debt collector," as defined by FDCPA § 1692a(6).

### *Factual Allegations*

37. On or about November 24, 2008 FRIC, through its attorneys Dubin & Dubin, LLP, filed a complaint against Plaintiff in Civil Court of the City of New York, County of Queens, Index No. 156906/2008, claiming that FRIC was the assignee of Plaintiff's debt and that Plaintiff allegedly owed $5721.14 to FRIC. A copy of the complaint is attached as Exhibit A.

38. On or about December 3, 2008 FRIC filed another complaint against Plaintiff in Civil Court of the City of New York, County of Queens, Index No. 160092/2008, claiming that FRIC was the assignee of Plaintiff's debt and that

Plaintiff allegedly owed $1838.58 to FRIC. A copy of the complaint is attached as Exhibit B.

39.     On or about June 29, 2009, while the previous lawsuit, Index No. 156906/2008, was still pending, Defendant S&L filed a new lawsuit on behalf of FRIC in Civil Court of the City of New York, County of Queens, Index No. 75244/2009, claiming that FRIC was the assignee of Plaintiff's debt and that Plaintiff allegedly owed $5721.14 to FRIC. A copy of the complaint is attached as Exhibit C.

40.     Also, on or about June 29, 2009, while the previous lawsuit, Index No. 160092/2008, was still pending, Defendant S&L filed another new lawsuit on behalf of its client FRIC in Civil Court of the City of New York, County of Queens, Index No. 75245/2009, claiming that FRIC was the assignee of Plaintiff's debt and that Plaintiff allegedly owed $1838.58 to FRIC. A copy of the complaint is attached as Exhibit D.

41.     On information and belief, the alleged debts that Defendants sought to collect from Plaintiff were beyond the statute of limitations at the time the lawsuits were filed on June 29, 2009.

42.     On or about, August 12, 2009, Plaintiff called Defendant Drake at Sharinn & Lipshie, PC. Upon information and belief, Drake answered the phone by stating "attorney's office." Plaintiff informed Drake that FRIC had already filed two lawsuits against him in 2008 through the law firm of Dubin & Dubin, LLP. Because

the 2008 actions were still pending, Plaintiff requested that Drake discontinue the 2009 actions.

43.    On information and belief, Drake stated that S&L would not discontinue the actions.  Furthermore, upon information and belief, Drake advised that Plaintiff had the legal burden to submit an answer in the 2009 cases filed by S&L and prove that Plaintiff was already being sued on the same two accounts.

44.    Upon information and belief, Defendant Drake is not an attorney admitted to the practice of law in New York State.

45.    Thereafter, Plaintiff retained The Law Office of Joseph Mauro, LLC to represent him in the lawsuits filed by Sharinn & Lipshie.

46.    On or about October 15, 2009 Joseph Mauro sent a letter to Sharinn & Lipshie indicating that Defendant S&L had filed lawsuits against Plaintiff while actions for identical claims were still pending in the same court.  Mr. Mauro also informed S&L that the debts they were attempting to collect were beyond the statute of limitations.  Accordingly, Mr. Mauro suggested that S&L discontinue the 2009 actions.  A copy of Mr. Mauro's letter, dated October 15, 2009 is attached as Exhibit E.

47.    Mr. Mauro also sent a copy of Exhibit E to S&L's general partner, Harvey Sharinn, on October 20, 2009.  See Exhibit F attached hereto.

48.    Defendant S&L did not reply to Exhibit E or Exhibit F and continued litigating the 2009 actions against Plaintiff.

49.     On or about February 24, 2010, after Defendant's had failed to make any response to discovery requests in the 2009 actions, Mr. Mauro sent a letter to Defendants S&L, Harvey Sharinn, and Amanda Moreno suggesting again that they discontinue the actions. A copy of Mr. Mauro's letter dated February 24, 2010 is attached as Exhibit G.

50.     On or about February 25, 2010, Mr. Mauro had a phone conversation with Defendant Amanda Moreno.  After Mr. Mauro informed Ms. Moreno that the debts were beyond the statute of limitations and gave her the Civil Court index numbers for the 2008 actions, Ms. Moreno, upon information and belief, promised to conduct an investigation into the matter and follow up with Mr. Mauro.

51.     On or about March 15, 2010, after Ms. Moreno failed to follow up as promised, Mr. Mauro called Ms. Moreno, and suggested again that the lawsuits against Plaintiff be discontinued.  Ms. Moreno asked for the index numbers of the cases and Mr. Mauro again gave them to her. Ms. Moreno asked for "24 hours" to conduct an investigation and again promised to follow up with Mr. Mauro.

52.     Ms. Moreno failed to follow up with Mr. Mauro within 24 hours, as promised.  Therefore, on or about March 19, 2010 Mr. Mauro sent another letter to Defendants documenting his phone conversations with Ms. Moreno.  A copy of Mr. Mauro's letter dated March 19, 2010 is attached as Exhibit H.

53.     On or about March 25, 2010, Defendant Jacques Nazaire called Mr. Mauro in response to his letter dated March 19, 2010.  Mr. Nazaire demanded that Plaintiff pay the alleged debts that were the subject of the illegally filed lawsuits

8

and asked how much money Plaintiff was willing to pay. Mr. Mauro then informed Mr. Nazaire that these lawsuits were beyond the statute of limitations and that Plaintiff had already been sued on these debts by another law firm. In response, Mr. Nazaire informed Mr. Mauro that Defendant Sharrin & Lipshie, PC had no intention of discontinuing the lawsuits and would continue to litigate.

54.     On or about March 27, 2010, Mr. Mauro sent another letter to Defendants to confirm the details of his conversation with Mr. Nazaire on March 25, 2010. A copy of Mr. Mauro's letter dated March 27, 2010, is attached as Exhibit I.

55.     On or about April 6, 2010 Defendants finally agreed to stipulate to a discontinuance of the illegally filed claims and accordingly the cases were marked disposed by the New York City Civil Court of Queens County.

56.     The alleged debts that Defendants sought to collect arose out of transactions that were incurred primarily for personal, family, or household purposes.

57.     The alleged debts that Defendants sought to collect from Plaintiff is a "debt," as that term is defined by § 1692a(5) of the FDCPA.

## COUNT I
### Violations of §§ 1692e and f of the
### Fair Debt Collection Practices Act, and their subsections

58.     Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

9

59. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt. Specifically, FDCPA § 1692e(2)(A) states that a debt collector cannot make a "false representation of the character, amount, or legal status of any debt." FDCPA § 1692e(3) prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." FDCPA § 1692e(5) prohibits a collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken." And FDCPA § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

60. Section 1692f of the FDCPA prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt."

61. Upon information and belief, Defendant S&L files thousands of lawsuits each year on behalf of its clients.

62. Upon information and belief, in Queens County Civil Court alone, Defendant S&L filed over 1,500 cases in 2009.

63. On information and belief, S&L receives account files from its clients with information about the alleged debt and the consumer.

64. On information and belief, no attorney at S&L meaningfully reviews the file of any particular consumer before filing a lawsuit.

10

65. By filing the complaints with index numbers 75244/2009 and 75245/2009, in Queens County Civil Court on June 29, 2009, Defendants violated 15 U.S.C. § 1692e and e(10), because suing to collect a debt while another lawsuit to collect the same debt is still pending, is false and deceptive. Defendants also violated 15 U.S.C. § 1692e(3) because they filed these lawsuits without conducting a meaningful attorney review of Plaintiff's file. These are also unfair and unconscionable acts under 15 U.S.C. § 1692f.

66. The Summonses and Complaints in the actions filed on June 29, 2010 – attached hereto as <u>Exhibits C and D</u> – violate 15 U.S.C. §§ 1692e(2)(A) because they contain false representations of the character, amount, and legal status of the debt. Furthermore, the summonses violate 15 U.S.C. § 1692e(5) because they threaten Plaintiff with default judgments and attorney fees if he fails to answer the complaints. These are actions that cannot legally be taken because the debts upon which Defendants sued were the subject of previous lawsuits that were still pending and the alleged debts were beyond the statute of limitations. The use of the summonses and complaints also constitute false and deceptive acts under 15 U.S.C. §§ 1692e and e(10) and an unfair and unconscionable act under 15 U.S.C. § 1692f.

67. By falsely representing himself as an attorney to Plaintiff during their phone conversation on or about August 12, 2009, Defendant Drake – and his employer Defendant S&L – violated 15 U.S.C. § 1692e(3). This is also a false and deceptive act under 15 U.S.C. §§ 1692e and e(10) and an unfair and unconscionable act under 15 U.S.C. § 1692f.

11

68.     By demanding payment on the debts that were the subject of illegally filed lawsuits and refusing to discontinue those lawsuits Defendants violated 15 U.S.C. § 1692e(10), because these actions constitute false and deceptive means to collect debts.

69.     Defendant's violations of 15 U.S.C. §1692, *et seq.*, render it liable to Plaintiff.

70.     As a result of Defendant's deceptive and unfair debt collection practices, Defendant is liable to the Plaintiff.

## COUNT II
### *Violations of New York General Business Law § 349*

71.     Plaintiff hereby restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

72.     Under New York General Business Law § 349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

73.     GBL § 349 provides in relevant part as follows:

   a.     *Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

   h.     *In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times*

>*the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.*

74.    By unlawfully filing and serving summonses and complaints in Queens County Civil Court, making false and deceptive statements within the summonses and complaints and within other communications to Plaintiff, refusing to discontinue the illegally filed lawsuits, and demanding payment through the use of those lawsuits, Defendants have committed materially misleading and consumer-oriented acts that have caused Plaintiff to suffer actual injury in the form of emotional distress and attorney fees in responding to and defending against the unlawful lawsuits.

75.    Upon information and belief, Defendants regularly utilize deceptive practices as described above in an attempt to collect consumer debts.

76.    Defendants' actions have a broad impact on New York consumers at large.

77.    As a direct and proximate result of Defendants' deceptive acts and practices, committed in willful and knowing violation of GBL §349, Plaintiff was damaged in that he, among other things, suffered stress and anxiety and attorney fees as a result of Defendant's deceptive collection practices.

78.    Defendant is liable to Plaintiff for violations of GBL § 349.

13

## Count III
### *Negligence and Gross Negligence against Defendants*

79.     Plaintiff hereby restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

80.     The actions and omissions of Defendants constitute a misdemeanor under New York General Business Law §§ 600 and 601.  Plaintiff is in the class of people intended to be protected by New York GBL §§ 600 and 601.

81.     Defendants were aware that Plaintiff had been sued on the same debts and that those lawsuits were still pending while Defendants prosecuted new claims on those debts.  Defendants made promises and took actions indicating that they would investigate and resolve the matter.  But Defendants failed to do so and continued prosecuting the illegally filed claims and demanding payment.  Plaintiff relied upon Defendants representations.  It was foreseeable that Defendants' failure to abide by their representations and actions could damage Plaintiff.

82.     The relationship between Plaintiff and Defendants created a special duty owed to Plaintiff by Defendants.

83.     The actions and omissions of Defendants described herein constitute negligence in that Defendants owed Plaintiff a duty and a special duty in the manner in which they handled Plaintiff's account, said duties were breached, said breach was the proximate cause of damages suffered by Plaintiff, and Defendants' actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff.

14

<u>Count IV</u>
*Abuse of Process*

84.     Plaintiff hereby restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

85.     Defendants' actions constitute the tort of abuse of process in that the Defendants used regularly issued process, after it was issued, with intent to do harm, in a perverted manner, in order to obtain a collateral objective.  Defendants' actions interfered with the rights of Plaintiff and Plaintiff suffered actual and special damages.

86.     Defendants issued regular process in that they served summonses and complaints on Plaintiff and filed the same in Queens County Civil Court.

87.     Defendants used such process after it was issued with intent to do harm in that they prosecuted claims that were beyond the statute of limitations and which were the subject of previous lawsuits still pending in the same court and refused to discontinue the lawsuits after they were aware that the lawsuits were illegal in an effort to extort payment of the alleged debts from Plaintiff.

88.     Defendants unlawfully interfered with Plaintiff's rights in that they unlawfully hailed Plaintiff into court and used the threat of continuing to illegally litigate time barred and duplicative claims to extort payment of the alleged debts from Plaintiff.

89.     Defendants used the illegally filed lawsuits in a perverted manner in that Defendants refused to discontinue the lawsuits after Plaintiff confronted them

with the illegal nature of the suits and continued to litigate the claims in order to attempt to extort payment of the alleged debts from Plaintiff.

90.     Defendants used the illegally filed lawsuits to obtain a collateral objective in that Defendants leveraged the suits in an attempt to extort payment of the alleged debts from Plaintiff.

91.     Defendants continued to use the lawsuits to demand payments from Plaintiff after having actual knowledge of the illegality of the suits.

92.     Plaintiff suffered actual and/or special damages due to Defendants actions in that he suffered pecuniary loss, out of pocket expenses, severe and substantial mental distress, pain and suffering, disgrace, humiliation, loss of time, sleeplessness, anger, lack of concentration, and stress amongst other injury.

93.     Plaintiff is entitled to punitive damages for the actions and omissions of Defendants as described.

### Demand for Jury Trial

94.     Plaintiff demands a trial by Jury.

### Prayer for Relief

WHEREFORE, Plaintiff prays that this Court grant the following relief in her favor and that judgment be entered against Defendants for the following:

(A)     Actual damages;

(B)     Statutory damages;

(C)     Civil Penalties;

(D)     Punitive Damages;

(E)     Attorneys' fees, litigation expenses and costs;

(F)     A declaration that the Summonses and Complaints filed on June 29, 2009 in Queens County Civil Court and represented by Exhibits C and D respectively, violate 15 U.S.C. § 1692 *et seq.*; and

(G)     Any other relief that this Court deems appropriate under the circumstances.

Dated:     New York, New York
           June 9, 2010

                                 Respectfully submitted,

                                 By: _____
                                     Brian L. Bromberg
                                     One of Plaintiff's Attorneys

Attorneys for Plaintiff
Brian L. Bromberg
Peter T. Lane
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY  10005
(212) 248-7906

17

# Exhibit A

A/C# 5417122269914923

**IMPORTANT!! YOU ARE BEING SUED!! THIS IS A COURT PAPER - A SUMMONS. DON'T THROW IT AWAY!! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!!**

STATE OF NEW YORK
CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

**CONSUMER CREDIT TRANSACTION**

---

FIRST RESOLUTION INVESTMENT CORP
851 Coho Way Suite 312
Bellingham, WA 98225

**SUMMONS**

Index No. 156906
filed 11/24/08

Plaintiff's Business
Address: see title.

                    Plaintiff,

The basis of the venue
designated is: the residence
of Defendant.

        -vs-

ADAM L. DREXLER
10005 92nd Ave Apt 209
Richmond Hill, New York  11418,

The transaction took place in
the county where Defendant
resides.

                    Defendant.

---

To the above-named defendant:

    YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of QUEENS, at the office of the Clerk of the said Court at 89-17 Sutphin Blvd. Jamaica, New York  11435, in the County of Queens, State of New York, within the time provided by law as noted below and to file your answer to the annexed Complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of **$5721.14** with interest thereon from **March 31, 2004** together with the costs and disbursements of this action.

DATED:    October 2, 2008

                        DUBIN & DUBIN, LLP
                        Attorneys for Plaintiff

                        By:  Robert L. Dubin, Esq.

                        Office Address & Telephone:
                        600 Rand Building
                        14 Lafayette Square
                        Buffalo, New York 14203-1906
                        (716) 853-1283

NOTE: The law provides that:

(a) If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY (20) days after such service; or

(b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY (30) days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

STATE OF NEW YORK
CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS
_____

FIRST RESOLUTION INVESTMENT CORP.
951 Coho Way Suite 312
Bellingham, WA 98225

                                    Plaintiff,

          vs.

ADAM L. DREXLER
10005 92nd Ave Apt 209
Richmond Hill, New York 14418,

                                    Defendant.
_____

### COMPLAINT

Plaintiff, named in the title above, for its Complaint against the defendant, alleges upon information and belief:

1.  Plaintiff is a foreign corporation doing business in the State of New York, with its principal offices located at the address set forth above.
2.  Upon information and belief defendant resides, is employed in or transacted business within the county in the State of New York in which this action is brought, with a last known address as set forth in the title above.
3.  The defendant owes to plaintiff a debt in the amount of $5721.14 ("Principal Balance") plus interest at the rate of 22.99% from March 31, 2004("Interest Date") based on all Causes of action set forth below.
4.  The defendant is in default for payment of the Principal Balance based on all causes of action set forth herein.
5.  Although duly demanded, no payments have been made toward the Principal Balance.
6.  All allegations within this Complaint are repeated and realleged as to all causes of action set forth herein.

### First Cause of Action - Assigned Contract

7.  Prior hereto, defendant entered into a credit card agreement ("Agreement"), whereby defendant agreed to pay the original creditor in accordance with the terms thereof, the indebtedness owing for purchases of goods and/or services on credit and/or for advances on a line of credit, if included, under the terms and provisions of said Agreement.
8.  On or prior to the Interest Date set forth herein, the original creditor extended credit to defendant at various times for which the defendant agreed, by using the account, to pay for charges incurred under defendant account with the original creditor.
9.  The original creditor thereafter sold, transferred and set over unto plaintiff all right, title and interest in and to the credit account referred to herein, and plaintiff is now the legal holder of the claim for all amounts owing by defendant under the terms of the credit Agreement.

### Second Cause of Action - Account Stated

10.   That on or after the Interest Date set forth herein, original creditor, on numerous occasions, rendered statements of said claim for the Principal Balance or more to the defendant which the defendant accepted and retained without objection, thereby establishing an Account Stated.

WHEREFORE, Plaintiff demands judgment against defendant as follows:

1.   For the Principal Balance in the sum of **$5721.14**, plus interest thereon from **March 31, 2004** at the rate of **22.99%**;

2.   For the costs and disbursements of this action;

3.   For additional interest on the judgment amount at the statutory rate of **9%** after entry of judgment;

4.   For such other and further relief as the Court may deem just and proper.

DATED:   Buffalo, New York
         October 2, 2008

                                    DUBIN & DUBIN, LLP
                                    Attorneys for Plaintiff

                                    By:  Robert D. Dubin

                                    Office Address & Telephone:
                                    600 Rand Building
                                    14 Lafayette Square
                                    Buffalo, NY  14203
                                    (716) 853-1283

CORPORATE VERIFICATION

STATE OF WASHINGTON }
COUNTY OF Whatcom    } ss.:

   The undersigned officer or authorized agent of Plaintiff, named and holding office as indicated below, being duly sworn, says that I have personal knowledge of the facts herein; I have read the foregoing Complaint and know the contents thereof and that the same is, to the best of my knowledge and belief, true and accurate.

FIRST RESOLUTION INVESTMENT CORP

Signed: _____
Uphar Dhaliwal, JD
In-House Legal Counsel

Sworn to before me on

October 24    ,2008.

Notary Public

Notary Public
State of Washington
ANGEL M PAGE
MY COMMISSION EXPIRES
January 5, 2011

# Exhibit B

A/C# 4417112385933462

IMPORTANT!! YOU ARE BEING SUED!!  THIS IS A COURT PAPER - A SUMMONS. DON'T THROW IT AWAY!!  PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHED).  IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!!  YOU MAY HAVE TO PAY OTHER COSTS TOO!!  IF YOU CAN'T PAY FOR YOUR OWN LAWYER BRING THESE PAPERS TO THIS COURT RIGHT AWAY.  THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!!

STATE OF NEW YORK
CIVIL COURT OF THE CITY OF NEW YORK                 CONSUMER CREDIT TRANSACTION
COUNTY OF QUEENS

---

FIRST RESOLUTION INVESTMENT CORP            **SUMMONS**
851 Coho Way Suite 312               Index No. 16009 2
Bellingham, WA 98225                      filed 12/2/08
                                    Plaintiff's Business
                                    Address: see title.
                Plaintiff,
                                    The basis of the venue
                                    designated is: the residence
     -vs-                           of Defendant.

ADAM L. DREXLER
10005 92nd Ave Apt 209
Richmond Hill, New York  14418,
                                    The transaction took place in
                                    the county where Defendant
                                    resides.
                Defendant.

---

To the above-named defendant:

    YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of QUEENS, at the office of the Clerk of the said Court at 89-17 Sutphin Blvd. Jamaica, New York  11435, in the County of Queens, State of New York, within the time provided by law as noted below and to file your answer to the annexed Complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of **$1838.58** with interest thereon from **March 31, 2004** together with the costs and disbursements of this action.

DATED:    October 2, 2008

                    DUBIN & DUBIN, LLP
                    Attorneys for Plaintiff

                    By:  Robert J. Dubin, Esq.

                    Office Address & Telephone:
                    600 Rand Building
                    14 Lafayette Square
                    Buffalo, New York 14203-1906
                    (716) 853-1283

NOTE: The law provides that:

(a) If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY (20) days after such service; or

(b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY (30) days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

STATE OF NEW YORK
CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS
_____

FIRST RESOLUTION INVESTMENT CORP.
851 Coho Way Suite 312
Bellingham, WA 98225

                              Plaintiff,

        vs.

ADAM I. DREXLER
10005 92nd Ave Apt 209
Richmond Hill, New York 14418,

                              Defendant.
_____

### COMPLAINT

        Plaintiff, named in the title above, for its Complaint against the
defendant, alleges upon information and belief:

        1.   Plaintiff is a foreign corporation doing business in the State of
New York, with its principal offices located at the address set forth above.
        2.   Upon information and belief defendant resides, is employed in or
transacted business within the county in the State of New York in which this
action is brought, with a last known address as set forth in the title
above.
        3.   The defendant owes to plaintiff a debt in the amount of $1838.58
("Principal Balance") plus interest at the rate of 22.99% from March 31,
2004("Interest Date") based on all Causes of action set forth below.
        4.   The defendant is in default for payment of the Principal Balance
based on all causes of action set forth herein.
        5.   Although duly demanded, no payments have been made toward the
Principal Balance.
        6.   All allegations within this Complaint are repeated and realleged
as to all causes of action set forth herein.

### First Cause of Action - Assigned Contract

        7.   Prior hereto, defendant entered into a credit card agreement
("Agreement"), whereby defendant agreed to pay the original creditor in
accordance with the terms thereof, the indebtedness owing for purchases of
goods and/or services on credit and/or for advances on a line of credit, if
included, under the terms and provisions of said Agreement.
        8.   On or prior to the Interest Date set forth herein, the original
creditor extended credit to defendant at various times for which the
defendant agreed, by using the account, to pay for charges incurred under
defendant account with the original creditor.
        9.   The original creditor thereafter sold, transferred and set over
unto plaintiff all right, title and interest in and to the credit account
referred to herein, and plaintiff is now the legal holder of the claim for
all amounts owing by defendant under the terms of the credit Agreement.

## Second Cause of Action - Account Stated

17.   That on or after the Interest Date set forth herein, original creditor, on numerous occasions, rendered statements of said claim for the Principal Balance or more to the defendant which the defendant accepted and retained without objection, thereby establishing an Account Stated.

WHEREFORE, Plaintiff demands judgment against defendant as follows:

1.   For the Principal Balance in the sum of **$1838.58**, plus interest thereon from **March 31, 2004** at the rate of **22.99%**;

2.   For the costs and disbursements of this action;

3.   For additional interest on the judgment amount at the statutory rate of **9%** after entry of judgment;

4.   For such other and further relief as the Court may deem just and proper.

DATED:      Buffalo, New York
            October 2, 2008

                              DUBIN & DUBIN, LLP
                              Attorneys for Plaintiff


                              By:   Robert J. Dubin

                              Office Address & Telephone:
                              600 Rand Building
                              14 Lafayette Square
                              Buffalo, NY  14203
                              (716) 853-1283

# Exhibit C

# CONSUMER CREDIT TRANSACTION

**IMPORTANT!! YOU ARE BEING SUED!! THIS IS A COURT PAPER - A SUMMONS DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY!! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT! YOU MAY HAVE TO BRING THESE PAPERS TO THIS COURT RIGHT AWAY.  THE CLERK (PERSONAL APPEARANCE ) WILL HELP YOU!!**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| FIRST RESOLUTION INVESTMENT CORP | SUMMONS |
| Plaintiff | Plaintiff's Address |
| -Against- | 5190 NEIL RD SUITE 430 |
| ADAM L. DREXLER | Reno NV  89502 |
| Defendant(s) | Defendant's Address   Defendant 2 address |
| | 10605 92ND AVE APT 209 |
| | RICHMOND HILL NY 11418 |

The basis of the venue is :A defendant resides in the County of  QUEENS; the subject matter consumer credit transaction took place in the County of  QUEENS

TO THE ABOVE NAMED DEFENDANT(S):
YOU ARE HEREBY SUMMONED TO APPEAR IN THE CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF QUEENS AT THE OFFICE OF THE CLERK OF THE SAID COURT AT 89-17 SUTPHIN BLVD JAMAICA, NY 11435 WITHIN THE TIME PROVIDED BY LAW AS NOTED BELOW AND TO FILE YOUR ANSWER TO THE ANNEXED COMPLAINT WITH THE CLERK; UPON YOUR FAILURE TO ANSWER, JUDGMENT WILL BE TAKEN AGAINST YOU FOR THE SUM OF $5,721.14 AND ATTORNEY FEES OF $1,144.23 WITH INTEREST THEREON FROM THE DAY OF March 31, 2004  AT THE RATE OF  9% , TOGETHER WITH THE COSTS OF THIS ACTION. A COPY OF YOUR ANSWER SHOULD BE SERVED BY MAIL UPON THE ATTORNEYS FOR THE PLAINTIFF, SHARINN & LIPSHIE, P.C.
DATED: June 1, 2009

Signature (Rule 130-1.1-a(b))

Amanda Moreno Christopher Grant
SHARINN & LIPSHIE, P.C.
333 EARLE OVINGTON BLVD, STE 302
UNIONDALE, NEW YORK 11553
(516) 873-6600

NOTE: The law provides that:
       (a) if this summons is served by its delivery to you personally within the CITY OF NEW YORK you must appear and answer within 20 days after such service; or
       (b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY (30) days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.
       (c) Where a defendant appears by an attorney, a copy of his answer shall be served upon the plaintiff's attorney, or upon the plaintiff if the plaintiff appears in person, at or before the time of filing the original answer with proof of service thereof.
       (d) In any action arising from a consumer credit transaction, if the form of summons provided for in subdivision (b) of this section is used:

DEFENDANTS P.O.B.:
Client#:
Account#: 5417122269914923
Claim #:    AACA6233
WE ARE DEBT COLLECTORS. THIS IS AN ATTEMPT TO COLLECT A DEBT ANY INFORMATION OBTAINED WILL BE USED FOR THAT  PURPOSE.

TRANSACCION DE CREDITO DEL CONSUMIDOR
!IMPORTANTE! !UD.HA SIDO DEMANDADO!
ESTE ES UN DOCUMENTO LEGAL - UNA CITACION
!NO LA BOTE !! CONSULTE CON SU ABOGADO ENSEGUIDA! LE PUEDEN QUITAR PARTE DE SU
SALARIO (EMBARGARLO) !SI UD. NO SE PRESENTA EN LA CORTE CON ESTA CITACTION LE PUEDEN
CONFISCAR SUS BIENES (PROPEIDAD) Y PERJUDICAR SU CREDITO!! TAMBIEN ES POSIBLE QUE
TENGA QUE PAGAR OTROS GASTOS LEGALES (COSTAS)! SI UD. NO TIENE DINERO PARA UN
ABOGADO TRAIGA ESTOS PAPELES A LA CORTE IMMEDIATAMENTA. VENGA EN PERSONA Y EL
SECRETARIO DE LA CORTE LE AYUDARA.
CORTE CIVIL DE LA CIUDAD DE NUEVA YORK
CONDADO DE QUEENS

| FIRST RESOLUTION INVESTMENT CORP | CITACION |
| Demandante. | La direccion del demandate |
| ADAM L DREXLER | 5190 NEIL RD SUITE 430 |
| Demandado. | Reno NV 89502 |
| | La direccion del demandado es |
| | 10005 92ND AVE APT 209  RICHMOND HILL NY 11418 |
| | Otra direccion |

Al demandado arriba mencionado:
USTED ESTA CITADO a comparecer en la Corte Civil de la Ciudad de Nueva York Condado de QUEENS a la
oficina del Jefe Principal de dicha Corte en 89-17 SUTPHIN BLVD JAMAICA, NY 11435 en el Condado de
QUEENS Ciudad y Estado de Nueva York, dentro del tiempo provisto por la ley segun la indicado abajo y a
presentar su respuesta a la demanda al Jefe de la corte; si usted no comparece a contestar, se rendira sentencia
contra usted en la suma de $5,721.14 y los honorarios del abogado por la suma de $1,144.23 con intereses desde
March 31, 2004 .

Signature (Rule 130-1.1-a(b))

Amanda Moreno /Christopher Grant
SHARINN & LIPSHIE, P.C.
Abogado del demandante
333 EARLE OVINGTON BLVD. STE 302
UNIONDALE, NEW YORK 11553
(516) 873-6600

Fechado June 1, 2009
NOTA: La Ley provee que:
(a) Si esta citacion es entregada a usted personalmente en la Ciudad de Nueva York, usted debe comparecer y
responder dentro de VIENTE (20) dias despues de la entrega: O
(b) Si esta citacion es entregada a otra persona que no fuera usted personalmente, o si fuera entregada afuera
de la ciudad de Nueva York, o por medio de publicacion, o por otros medios que no fueran entrega personal a usted en
la Ciudad de Nueva York, usted tiene TREINTA (30) dias para comparecer y responder la demanda, despues de haberse
presentado prueba de entrega de la citacion al Jefe de esta Corte.
DEMANDAD P.O.B.
**NOSOTROS SOMOS COBRADORES DE DEUDAS. NUESTRA INTENCION ES COBRAR LA DEUDA Y
CUALQUIER INFORMACION OBTENIDA SERA USADA PARA ESTE PROPOSITO.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

FIRST RESOLUTION INVESTMENT CORP                                VERIFIED
                                    Plaintiff,                   COMPLAINT

        -Against-
ADAM L DREXLER
        Defendant(s)

Plaintiff, by its attorneys  SHARINN & LIPSHIE, P.C. complaining of the defendant(s), respectfully, alleges:
1.      That the plaintiff is duly licensed by the New York City Department of Consumer Affairs to
collect debts in NYC, The NYC Dept. of Consumer Affairs License number for the plaintiff is 1276827
2.      That at all times hereinafter mentioned, the Plaintiff ,FIRST RESOLUTION INVESTMENT CORP A/A/O
UNIFUND CCR PARTNERS A/A/O CHASE BANK USA N.A.is a corporation with offices located at 5190 NEIL RD
SUITE 430 Reno NV 89502.
3.      That upon information and belief the Defendant(s) is/are and at all times hereinafter mentioned was/were a
                resident of the county where this action is brought.
4.      The agreement sued upon herein was duly assigned to Plaintiff and notice thereof was duly given to Defendant(s).
5.      That there are monies due from Defendant(s) to Plaintiff, plus agreed and /or reasonable attorney
fees,if any, for charges incurred and/or loans granted in connection with credit card(s) issued by Plaintiff's assignor
pursuant to credit card agreement(s) made in compliance with the law, a copy of which agreement(s) were duly mailed
to Defendant(s), on which there is a balance due of $5,721.14, and that in addition there is due attorney fees of $1,144.23,
making a total sum due from Defendant to Plaintiff of $6,865.37, no part of which sum has been paid, although due and
duly demanded.
6.      The above debt arises from account number ████████4923.
WHEREFORE, plaintiff demands judgment against defendant(s) for the sum of $5,721.14 with interest thereon from
March 31, 2004, and attorney fees of $1,144.23 plus costs an disbursements of this action.

                                              Signature (Rule 130-1.1-a(b))

Dated: June 1, 2009                           SHARINN & LIPSHIE, P.C.
Uniondale, New York                           333 Earle Ovington Blvd
                                              Uniondale, New York 11553
                                              (516)873-0600

STATE OF WASHINGTON
COUNTY OF WHATCOM

        ANGEL PAGE       BEING DULY SWORN, DEPOSES AND SAYS;

Deponent is the       RECORDS  CUSTODIAN       of the plaintiff, and deponent makes this verification
because he/she is familiar with the records maintained by plaintiff. Deponent has read the foregoing complaint and knows
the contents thereof  to be true. The grounds of deponent's belief as to  all matters not  stated upon deponent's own
knowledge are as follows: records belonging to plaintiff (s ) in possession of deponent.

                                              Angel Page
                                              ANGEL PAGE
                                              RECORDS CUSTODIAN

Sworn to before me this
1__ day of JUNE       200__

                    Notary Public
                 State of Washington
                JEFF NICOLA GARGARO
                MY COMMISSION EXPIRES
                   November 01, 20__

Client Acct # 5417122269914923
Claim #    AACA6233

**WE ARE DEBT COLLECTORS, THIS IS AN ATTEMPT TO COLLECT A DEBT ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE**

# Exhibit D

# CONSUMER CREDIT TRANSACTION

IMPORTANT!! YOU ARE BEING SUED!! THIS IS A COURT PAPER - A SUMMONS
DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY!! PART OF YOUR PAY CAN BE TAKEN FROM
YOU (GARNISHED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN
BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO BRING THESE PAPERS
TO THIS COURT RIGHT AWAY.  THE CLERK (PERSONAL APPEARANCE ) WILL HELP YOU!!
CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| FIRST RESOLUTION INVESTMENT CORP | SUMMONS |
| Plaintiff | Plaintiff's Address |
| -Against- | 5190 NEIL RD SUITE 430 |
| ADAM L DREXLER | Reno NV 89502 |
| Defendant(s) | Defendant's Address  Defendant 2 address |
| | 10005 92ND AVE APT 209 |
| | RICHMOND HILL NY 11418 |

The basis of the venue is :A defendant resides in the County of QUEENS; the subject matter consumer credit
transaction took place in the County of QUEENS

TO THE ABOVE NAMED DEFENDANT(S):
YOU ARE HEREBY SUMMONED TO APPEAR IN THE CIVIL COURT OF THE CITY OF NEW YORK,
COUNTY OF QUEENS AT THE OFFICE OF THE CLERK OF THE SAID COURT AT 89-17 SUTPHIN
BLVD JAMAICA, NY 11435  WITHIN THE TIME PROVIDED BY LAW AS NOTED BELOW AND TO
FILE YOUR ANSWER TO THE ANNEXED COMPLAINT WITH THE CLERK; UPON YOUR FAILURE
TO ANSWER, JUDGMENT WILL BE TAKEN AGAINST YOU FOR THE SUM OF $1,838.58 AND
ATTORNEY FEES OF $367.72 WITH INTEREST THEREON FROM THE DAY OF March 31, 2004  AT
THE RATE OF  9% , TOGETHER WITH THE COSTS OF THIS ACTION. A COPY OF YOUR ANSWER
SHOULD BE SERVED BY MAIL UPON THE ATTORNEYS FOR THE PLAINTIFF, SHARINN &
LIPSHIE, P.C.
DATED: June 1, 2009

Signature (Rule 130-1.1-a(b))

Amanda Moreno/Christopher Grant
SHARINN & LIPSHIE, P.C.
333 EARLE OVINGTON BLVD. STE 302
UNIONDALE, NEW YORK 11553
(516) 873-6600

NOTE: The law provides that:
        (a) if this summons is served by its delivery to you personally within the CITY OF NEW YORK you
must appear and answer within 20 days after such service; or
        (b) If this summons is served by delivery to any person other than you personally, or is served outside
the City of New York, or by publication, or by any means other than personal delivery to you within the City
of New York, you are allowed THIRTY (30) days after the proof of service thereof is filed with the Clerk of
this Court within which to appear and answer.
        (c) Where a defendant appears by an attorney, a copy of his answer shall be served upon the plaintiff's
attorney, or upon the plaintiff if the plaintiff appears in person, at or before the time of filing the original answer
with proof of service thereof.
        (d) In any action arising from a consumer credit transaction, if the form of summons provided for in
subdivision (b) of this section is used:

DEFENDANTS P.O.B.:
Client#:
Account#: 4417112385933462
Claim #:  AACA6232
WE ARE DEBT COLLECTORS. THIS IS AN ATTEMPT TO COLLECT A DEBT ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.

TRANSACCION DE CREDITO DEL CONSUMIDOR
!IMPORTANTE! !UD.HA SIDO DEMANDADO!
ESTE ES UN DOCUMENTO LEGAL - UNA CITACION
!NO LA BOTE !! CONSULTE CON SU ABOGADO ENSEGUIDA! LE PUEDEN QUITAR PARTE DE SU
SALARIO (EMBARGARLO) !SI UD. NO SE PRESENTA EN LA CORTE CON ESTA CITACION LE PUEDEN
CONFISCAR SUS BIENES (PROPEIDAD) Y PERJUDICAR SU CREDITO!! TAMBIEN ES POSIBLE QUE
TENGA QUE PAGAR OTROS GASTOS LEGALES (COSTAS)! SI UD. NO TIENE DINERO PARA UN
ABOGADO TRAIGA ESTOS PAPELES A LA CORTE IMMEDIATAMENTA. VENGA EN PERSONA Y EL
SECRETARIO DE LA CORTE LE AYUDARA.
CORTE CIVIL DE LA CIUDAD DE NUEVA YORK
CONDADO DE QUEENS

| | |
|---|---|
| FIRST RESOLUTION INVESTMENT CORP | **CITACION** |
| Demandante, | La direccion del demandate |
| ADAM L DREXLER | 5190 NEIL RD SUITE 430 |
| Demandado, | Reno NV 89502 |
| | La direccion del demandado es |
| | 10005 92ND AVE APT 209  RICHMOND HILL NY 11418 |
| | Otra direccion |

Al demandado arriba mencionado:
USTED ESTA CITADO a comparecer en la Corte Civil de la Ciudad de Nueva York Condado de QUEENS a la
oficina del Jefe Principal de dicha Corte en 89-17 SUTPHIN BLVD JAMAICA, NY 11435 en el Condado de
QUEENS Ciudad y Estado de Nueva York, dentro del tiempo provisto por la ley segun la indicado abajo y a
presentar su respuesta a la demanda al Jefe de la corte; si usted no comparece a contestar, se rendira sentencia
contra usted en la suma de $1,838.58 y los honorarios del abogado por la suma de $367.72 con intereses desde March
31, 2004 .

Signature (Rule 130-1.1-a(b))

Amanda Moreno A Christopher Grant
SHARINN & LIPSHIE, P.C.
Abogado del demandante
333 EARLE OVINGTON BLVD, STE 302
UNIONDALE, NEW YORK 11553
(516) 873-6600

Fechado June 1. 2009
NOTA: La Ley provee que:
(a) Si esta citacion es entregada a usted personalmente en la Ciudad de Nueva York, usted debe comparecer y
responder dentro de VIENTE (20) dias despues de la entrega: O
(b) Si esta citacion es entregada a otra persona que no fuera usted personalmente, o si fuera entregada afuera
de la ciudad de Nueva York, o por medio de publicacion, o por otros medios que no fueran entrega personal a usted en
la Ciudad de Nueva York, usted tiene TREINTA (30) dias para comparecer y responder la demanda, despues de haberse
presentado prueba de entrega de la citacion al Jefe de esta Corte.
DEMANDAD P.O.B.
**NOSOTROS SOMOS COBRADORES DE DEUDAS. NUESTRA INTENCION ES COBRAR LA DEUDA Y
CUALQUIER INFORMACION OBTENIDA SERA USADA PARA ESTE PROPOSITO.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

FIRST RESOLUTION INVESTMENT CORP
        Plaintiff,

    -Against-

ADAM L. DREXLER
        Defendant(s).

VERIFIED
COMPLAINT

Plaintiff, by its attorneys SHARINN & LIPSHIE, P.C. complaining of the defendant(s), respectfully, alleges:

1.    That the plaintiff is duly licensed by the New York City Department of Consumer Affairs to collect debts in NYC. The NYC Dept. of Consumer Affairs License number for the plaintiff is 1276827

2.    That at all times hereinafter mentioned, the Plaintiff ,FIRST RESOLUTION INVESTMENT CORP A/A/O UNIFUND CCR PARTNERS A/A/O CHASE MANHATTAN BANK USA NA,is a corporation with offices located at 5190 NEIL RD SUITE 430 Reno NV 89502.

3.    That upon information and belief the Defendant(s) is/are and at all times hereinafter mentioned was/were a resident of the county where this action is brought.

4.    The agreement sued upon herein was duly assigned to Plaintiff and notice thereof was duly given to Defendant(s).

5.    That there are monies due from Defendant(s) to Plaintiff, plus agreed and /or reasonable attorney fees,if any, for charges incurred and/or loans granted in connection with credit card(s) issued by Plaintiff's assignor pursuant to credit card agreement(s) made in compliance with the law, a copy of which agreement(s) were duly mailed to Defendant(s), on which there is a balance due of $1,838.58, and that in addition there is due attorney fees of $367.72, making a total sum due from Defendant to Plaintiff of $2,206.30, no part of which sum has been paid, although due and duly demanded.

6.    The above debt arises from account number ▮▮▮▮▮▮▮▮3462.

WHEREFORE, plaintiff demands judgment against defendant(s) for the sum of $1,838.58 with interest thereon from March 31, 2004, and attorney fees of $367.72 plus costs an disbursements of this action.

    Signature (Rule 130-1.1-a(b))

    SHARINN & LIPSHIE, P.C.
    333 Earle Ovington Blvd
    Uniondale, New York 11553
    (516)873-6600

Dated: June 1, 2009
Uniondale, New York

STATE OF WASHINGTON
COUNTY OF WHATCOM

    ANGEL PAGE    BEING DULY SWORN, DEPOSES AND SAYS:

Deponent is the    RECORDS CUSTODIAN    of the plaintiff, and deponent makes this verification because he/she is familiar with the records maintained by plaintiff. Deponent has read the foregoing complaint and knows the contents thereof to be true. The grounds of deponent's belief as to all matters not stated upon deponent's own knowledge are as follows: records belonging to plaintiff (s) in possession of deponent.

    ANGEL PAGE
    RECORDS CUSTODIAN

Sworn to before me this
19 day of June ,2009

Notary Public
State of Washington
JEFF NICOLA GARGARO
MY COMMISSION EXPIRES
November 01, 2011

Client Acct #:4417142385933462
Claim #    AACA6232

***WE ARE DEBT COLLECTORS. THIS IS AN ATTEMPT TO COLLECT A DEBT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE***

# Exhibit E

THE LAW OFFICE OF JOSEPH MAURO, LLC

306 MCCALL AVE.
WEST ISLIP, NY 11795

**(631) 669-0921**
**(631) 669-5071 fax**

October 15, 2009

Sharrin & Lipshie PC
333 Earle Ovington Blvd.
Uniondale, NY 11553
Attn: Mr. Christopher Grant, Esq.          VIA MAIL & FAX 516-873-6884

RE: FIRST RESOLUTION INVESTMENT CORP v. ADAM L. DREXLER
   CIVIL COURT OF THE CITY OF NEW YORK - QUEENS COUNTY
   **09-75244**

Mr. Grant,

   I am writing to respectfully suggest that you immediately dismiss the above lawsuit that your office has filed against my client Adam Drexler.

   As is evident from the Answer filed in this case, Mr. Drexler was already sued for this debt. Your office filed a second lawsuit against him while the first lawsuit was still pending in this same Court (See Index Number 156906-08). Additionally, the debt that you are seeking to collect is past the applicable statute of limitations.

   In addition you should not that your office has filed two lawsuits against Mr. Drexler, both on behalf of First Resolution Investment Corp. (the other one your office filed is under Index Number 09-075245. This lawsuit has the exact same problems described above (i.e. Mr. Drexler has already been sued for the debt, and the debt is past the applicable statute of limitations.) I have sending a separate letter to you addressing that lawsuit.

   Please forward me an executed stipulation of discontinuance with prejudice on or before October 22, 2009 so as to avoid further legal time being expended on this matter.

Sincerely,

Joseph Mauro

# Exhibit F

THE LAW OFFICE OF JOSEPH MAURO, LLC
306 McCALL AVE.
WEST ISLIP, NY 11795

(631) 669-0921
(631) 669-5071 fax

October 15, 2009

*2nd time sent 10/20/09*

HARVEY Sharinn
Sharrin & Lipshie PC
333 Earle Ovington Blvd.
Uniondale, NY 11553
Attn: Mr. Christopher Grant, Esq.

VIA MAIL & FAX 516-873-6884

RE: FIRST RESOLUTION INVESTMENT CORP v. ADAM L. DREXLER
CIVIL COURT OF THE CITY OF NEW YORK - QUEENS COUNTY
**09-75244**

Mr. Grant,

I am writing to respectfully suggest that you immediately dismiss the above lawsuit that your office has filed against my client Adam Drexler.

As is evident from the Answer filed in this case, Mr. Drexler was already sued for this debt. Your office filed a second lawsuit against him while the first lawsuit was still pending in this same Court (See Index Number 156906-08). Additionally, the debt that you are seeking to collect is past the applicable statute of limitations.

In addition you should not that your office has filed two lawsuits against Mr. Drexler, both on behalf of First Resolution Investment Corp. (the other one your office filed is under Index Number 09-075245. This lawsuit has the exact same problems described above (i.e. Mr. Drexler has already been sued for the debt, and the debt is past the applicable statute of limitations.) I have sending a separate letter to you addressing that lawsuit.

Please forward me an executed stipulation of discontinuance with prejudice on or before October 22, 2009 so as to avoid further legal time being expended on this matter.

Sincerely,

Joseph Mauro

# Exhibit G

THE LAW OFFICE OF JOSEPH MAURO, LLC

306 McCALL AVE.
WEST ISLIP, NY 11795

(631) 669-0921
(631) 669-5071 fax

February 24, 2010

Harvey Sharinn, Esq.
Amanda Moreno, Esq.
Christopher Grant, Esq.
Sharrin & Lipshie PC
333 Earle Ovington Blvd.
Uniondale, NY 11553

VIA MAIL & FAX 516-873-6884

RE: FIRST RESOLUTION INVESTMENT CORP v. ADAM L. DREXLER
CIVIL COURT OF THE CITY OF NEW YORK - QUEENS COUNTY
**09-75245 & 09-75244**

Counselors,

As Plaintiff has failed to respond in any manner to the Defendant's discovery requests, Plaintiff will adjourn the depositions scheduled for this Friday in the above two cases.

As it is appears that the Plaintiff does not have any of the documents substantiating the Plaintiff's claims in either of these cases, may I respectfully request again that the Plaintiff dismiss the cases and prevent further work on this matter. I have attached Stipulation of Discontinuances for each case. I respectfully request that you execute these such and return them to me on or before March 3, 2010. Thank you.

Sincerely,

Joseph Mauro

# Exhibit H

**THE LAW OFFICE OF JOSEPH MAURO, LLC**
306 McCALL AVE.
WEST ISLIP, NY 11795

(631) 669-0921
(631) 669-5071 fax

March 19, 2010

Harvey Sharinn, Esq.
Amanda Moreno, Esq.
Christopher Grant, Esq.
Sharrin & Lipshie PC
333 Earle Ovington Blvd.
Uniondale, NY 11553

VIA MAIL & FAX 516-873-6884

RE: FIRST RESOLUTION INVESTMENT CORP v. ADAM L. DREXLER
CIVIL COURT OF THE CITY OF NEW YORK - QUEENS COUNTY
**09-75245 & 09-75244**

Counselors.

I am writing to confirm that notwithstanding my numerous communications with your office, you have not withdrawn the above lawsuits you filed. Nor have you attempted to address my concerns in a professional manner.

As I noted in my initial letters to you, prior to you filing your lawsuits Mr. Drexler was sued by a different firm (Dubin & Dubin) related these same debts. I provided you the Index numbers of the other lawsuits in my initial letter. On February 25, 2010, I spoke with Ms. Moreno and again notified your office of this, as well as again confirming that these alleged debts are outside of the applicable statute of limitations in any event. Ms. Moreno informed me that she would investigate such and contact me back. I never heard back. On March 15, 2010, I again called and spoke to Ms. Moreno, and again suggested that you needed to withdraw these pending lawsuits. Ms. Moreno asked me what were the Index numbers from the lawsuits original lawsuits. I again informed her. Ms. Moreno suggested that now that she had these Index numbers she would be able to properly investigate the matter. Ms. Moreno requested that I give her "24 hours" to investigate the situation and that she would contact me back. Again, I never heard back. So on March 17, 2010, I called again and left a message for Ms. Moreno requesting a call back. Again nobody contacted me.

Please guide yourself accordingly.

Sincerely,

Joseph Mauro

# Exhibit I

THE LAW OFFICE OF JOSEPH MAURO, LLC
306 MCCALL AVE.
WEST ISLIP, NY  11795

(631) 669-0921
(631) 669-5071 fax

March 27, 2010

Harvey Sharinn, Esq.
Amanda Moreno, Esq.
Christopher Grant, Esq.
Jacques Nazaire
Sharrin & Lipshie PC
333 Earle Ovington Blvd.
Uniondale, NY 11553

VIA MAIL & FAX 516-873-6884

RE: FIRST RESOLUTION INVESTMENT CORP v. ADAM L. DREXLER
CIVIL COURT OF THE CITY OF NEW YORK - QUEENS COUNTY
**09-75245  &  09-75244**

Counselors,

I am writing to confirm my conversation with Mr. Jacques Nazaire on Thursday (March 25, 2010). Mr. Nazaire contacted me in response to my last letter. Mr. Nazaire requested that my client pay the alleged debts that are the subject of the above matters, and asked me how much my client would offer to pay First Resolution Investment. I again explained to Mr. Nazaire that these lawsuits were improperly filed (as Mr. Drexler had already been sued for these debts by another firm; the debts are past the applicable statute of limitations; and Mr. Drexler has no relationship with First Resolution Investment Corp). I again asked whether your firm intended to sign the Stipulation of Discontinuance and end these cases. Mr. Nazaire informed me that you do not intend on dismissing the cases and instead intends to continue to litigate. I again request that you sign the Stipulation of Discontinuance and immediately dismiss these cases.

Lastly, Mr. Nazaire informed me that he was going to send me all paperwork that you have regarding the alleged debts. Mr. Nazaire indicated that this material would be sent to my office by yesterday (Friday March 26, 2010).

Sincerely,

Joseph Mauro